PROJECT VOTE/VOTING FOR AMERICA, INC., Plaintiff,

v.

Elisa LONG, in her Official Capacity as General Registrar of Norfolk, Virginia, and Donald Palmer, in his Official Capacity as Secretary, State Board of Elections, Defendants.

Civil No. 2:10cv75.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 1, 2011.

Augustine M. Ripa, Jason G. Idilbi, Ryan M. Malone, David O. Stewart, Douglas H. Hallward–Driemeier, Ropes & Gray LLP, Brian W. Mellor, Teresa James, Project Vote, Inc., Chhaya M. Bhalotra, Advancement Project, Washington, DC, for Plaintiff.

Jeff W. Rosen, Pender & Coward PC, Virginia Beach, VA, Stephen M. Hall, Office of the Attorney General, Richmond, VA, for Defendants.

### ORDER

REBECCA BEACH SMITH, District Judge.

■ This case comes before the court on the defendants' Motion to Stay Judgment, which was filed on July 25, 2011. In that Motion, the defendants ask the court to stay its July 20, 2011, judgment, *see Project Vote/Voting for Am., Inc. v. Long*, No. 2:10cv75, —— F.Supp.2d ——, 2011 WL 2963032 (E.D.Va. July 20, 2011), pending appeal, pursuant to Federal Rule of Civil Procedure 62(c). Before a court may issue a stay pending appeal, it must examine each of the following factors:

> (1) [w]hether the stay applicant has made a strong showing that he is *likely to succeed on the merits;* (2) whether the applicant will be *irreparably injured absent a stay;* (3) whether issuance of the stay will *substantially injure the other parties* interested in the proceeding; and (4) where the *public interest* lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (emphasis added) (citations omitted). "[T]he traditional stay factors contemplate individualized judgment in each case." *Id.* at 777, 107 S.Ct. 2113.

■ The court is not persuaded to tacitly abandon its ruling and find that the defendants are likely to succeed on appeal. However, as this case is one of first impression that touches on matters of substantial national importance, there is certainly a "substantial case on the merits." *Id.* at 778, 107 S.Ct. 2113. Accordingly, if the other factors militate in favor of a stay, the court may issue one. *See id.; see also Miller v. Brown*, 465 F.Supp.2d 584, 596 (E.D.Va.2006), *aff'd*, 503 F.3d 360 (4th Cir.2007).

■ The defendants have demonstrated that, considering the time and expense required to implement the changes necessary to comply with this court's July 20, 2011 judgment, they would suffer irreparable injury absent a stay. *See* Decl. of Donald Palmer, ECF No. 67–1 (detailing why it would take the Virginia State Board of Elections approximately six months to institute the necessary changes, costing approximately $78,500). Although not raised by the defendants, the court also considers the fact that absent a stay, the defendants must disclose voter registration applications with the social

security numbers ("SSN") redacted that are completed while the case is on appeal; but, in the event this court's judgment was reversed, the defendants would be unable to restore confidentiality to any personal information contained in the released voter registration applications. This fact weighs strongly in favor of issuing a stay.*

■ As to the third factor, staying judgment will certainly injure Project Vote, insofar as it will endure delay in exercising its statutory right to inspect and photocopy completed voter registration applications with the SSNs redacted. However, the court does not find that staying judgment will *substantially* injure Project Vote because, under current law, Project Vote can still pursue its mission of "working to enforce and expand public policies and procedures that encourage full participation in elections." Compl. ¶ 4, ECF No. 1. For instance, Project Vote can monitor rejection of voter registration applications by accessing a list of persons denied registration, *see* Va.Code § 24.2–444(A), and then seeking to contact those persons.

■ Similarly, it is clear that the public will endure some injury from a stay that prevents the immediate exercise of a statutory right. Nonetheless, the court finds that the public interest clearly lies in issuing a stay for several reasons. First, the Virginia primary and general elections for state and local offices will soon be held, thus "a stay pending appeal will mitigate the likelihood of confusion during th[at] . . . process." *Miller*, 465 F.Supp.2d at 597. Second, a stay pending appeal gives the defendants time to prepare to properly implement this court's judgment, as well as gives the Virginia General Assembly and the United States Congress "time to contemplate any remedial legislation [they] believe[ ] to be appropriate." *Id.* Finally, the court again notes that the public interest risks being irreparably harmed absent a stay because personal information contained on completed voter registration applications would be disclosed during the pendency of the appeal without any way to restore its confidentiality if this court's judgment is ultimately reversed.

* *See infra* at 475.

For the above reasons, the court **FINDS** that a stay is appropriate and warranted in this case. Accordingly, this court **GRANTS** the defendants' Motion to Stay Judgment, and hereby **STAYS** its July 20, 2011, judgment pending appeal.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**